Martix, J.
delivered the opinion of the court. The plaintiff complained of the illegal seizure of his ship, the Tennessee, by the defendant, under process of attachments, issued against the property of the plaintiff’s vendor, in two suits. There was judgment for the defendant, and the plaintiff appealed.
The statement of facts shows that the jship arrived in the port of New-Orleans, from Philadelphia, consigned to X. K. Week of the former port, who advertised liar for Philadelphia, on the 19th November 1819. On the eighteenth of December she was purchased in that city, by the plaintiff, from her then owner, John Meary. On the §3d, she was attached, at the suit of J. EL. Week against the vendor. On the 18th of February, 1819, J. K. Week failed and called a meeting of his creditors, and obtained a respite. On the 8th of April, the present plaintiff intervened in the suit.
On the 1.8th of February the Teuritssee was also attached at the suit of W. J. Montgomery, *708 a»ainst the present plaintiff’s vendor, and on the " ■ , , , 10th of March be had judgment.
On the 13th of April the plaintiff instituted the present suit.
It is agreed that the common law of Great Britain prevails in the state of Pennsylvania, except when controlled by the statutes of the state or the U. S.
The institution of the present suit and the intervention of the plaintiff in West’s case, were the first notice of the plaintiff’s claim received in New-Orleans, and-his first effort to obtain possession of the ship, which remained in New-Orleans till sold by the sheriff, under a conseut rule,' and her register and other documents remained in J. Meary’s name, till after the gale. W. & J. Montgomery' are citizens of Louisiana residing in New-Orleans.
The plaintiff’s counsel contends, that the sale transferred the property of the ship, according to the law loci contractus, without any actual tradition : that of the deed of sale being there a sufficient symbolical delivery. That the case is to be distinguished from that of Norris vs. Mumford, 4 Martin, 20, in this particular, that the thing sold was a ship, a kind of chattel, which from its natuio is often abroad, and sometimes at a very great distance from the place of sale: that for this reason an *709 actual tradition is not essentially necessary for the transfer of the property.
The defendant’s counsel urges that the ship, having been seized by a citizen of this state, tvithin her jurisdiction, his lien cannot be affected by the laws of another state, to which this court cannot give effect to the injury of our own people. But, that even under the laws of Pennsylvania, the plaintiff could not be entitled to recover, as he was guilty of very great latches in keeping his right concealed for the space of about four months : while, if ordinary diligence had been used, he might have made it known in as many weeks.
The principles laid down in Norris vs. Mumford, and Thuret & al. vs. Jenkins & al. ante 318, bear so pointedly on this case, that it suffices to refer to these cases. If the ship had been sold by J. Meary, within this state, on the day on which she was first attached, and the vendee had taken immediate possession of her, the sale made in Philadelphia to the present plaintiff would not have affected the second; the vendee being without notice of the. first. If the ship was sold by Meary, according to our law, so that he might effectually transmit her to a vendee, she must be considered as liable to the *710 seizure of his creditors here, who might seize ,. , i i 11 all he could sell.
Ellery for the plaintiff, Hennen for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.